**George B. LINDLER, Appellant,**

v.

**LINDQUIST FINANCE CORPORATION,**
Appellee.

No. 12820.

Court of Civil Appeals of Texas.

Galveston.

July 14, 1955.

Rehearing Denied July 28, 1955.

A. C. Lesher, Jr., Houston, for appellant.

Lewis Dickson and Bennett Lay, Houston, for appellee.

CODY, Justice.

This suit was brought by the Lindquist Finance Corporation to recover from C. J. E. Herbsleb the balance due on a note dated February 4, 1952, which was by its terms due May 4, 1952. To secure the payment of said note a chattel mortgage was executed by the company, of which Mr. Herbsleb was then president. In the suit plaintiff did not seek to have the mortgage foreclosed for reasons which will hereafter appear, but instead sued George B. Lindler, alleging the insolvency of Mr. Herbsleb, and that Mr. Lindler had wrongfully induced Mr. Herbsleb to break his contract with plaintiff, thereby depriving plaintiff of its security and rendering it impossible for plaintiff to

obtain payment of its note. Judgment was duly taken by plaintiff against Mr. Herbsleb for the balance due on the note, principal, interest, etc., in the sum of $3,485.52. The real controversy, however, in this case is between the plaintiff and the defendant Lindler on whether Lindler was liable in damages because of his alleged inducing Mr. Herbsleb to break his contract with plaintiff.

The money, evidenced by the note aforesaid, was borrowed by Mr. Herbsleb and by the company of which he was then president and which later went into bankruptcy, to be used, according to the agreement of the parties, to manufacture a house trailer. At the time the note and mortgage were executed a manufacturer's statement of origin was executed and issued to plaintiff in which the date was left blank and the name and address of the purchaser of the trailer were left blank, but in which the trailer was described as being covered by the mortgage (in which it was described by the serial number, as hereafter made to appear, and in addition the shipping weight of the trailer to be manufactured was given as 4800 pounds).

The parties are not agreed as to the exact description of the trailer as given in the papers issued to plaintiff. But in view of the trial court's finding, as set forth in the judgment, we think it unnecessary to complicate this opinion by setting forth Mr. Lindler's contention as to the description.

The evidence is undisputed that Mr. Herbsleb was indebted to defendant Lindler prior to the date that he obtained money from plaintiff with which to manufacture the trailer in question. It appears to be undisputed that Mr. Lindler induced Mr. Herbsleb to issue to him a manufacturer's statement of origin upon the trailer which was built with the money borrowed from plaintiff.

The court, trying the case without a jury, rendered judgment not only against Mr. Herbsleb, as hereinabove stated, but goes on to recite and hold, "The court further finds from the evidence that the Defendant, George B. Lindler, had actual knowledge of the prior lien of the Plaintiff, Lindquist Finance Corporation, on the 1952 Model Hacienda House Trailer, Serial No. AIC–168–30, described in Plaintiff's pleadings, and that under the evidence and pleadings the Plaintiff is entitled to recover of and from the Defendant, George B. Lindler, its damages in the sum of $3,485.52, with interest thereon at the rate of 6% per annum * * *."

Appellant predicates his appeal upon five formal points of error, reading:

(1) "The trial court erred in entering judgment against the Appellant for the reason that at the time Appellee took the note, chattel mortgage and manufacturer's statement of origin, the trailer in question was not owned, or in esse, actual or potential, and could not thereafter be identified as the particular trailer upon which the lien was intended to be created, particularly, in view of the fact, that any connection that the Appellant had in the matter was that of a third party."

(2) "The trial court erred in entering judgment against the Appellant for the reason that there is no evidence that Appellant had, asserted or ever attempted to assert a lien against the 1952 Model Hacienda Caravan House Trailer, Serial No. AIC–168–30 weighing 4800 pounds, or ever conspired with Defendant, Herbsleb to defeat Appellee's lien on said trailer, but on the contrary, Appellant had and asserted a valid lien upon a 1952 Model Hacienda Caravan House Trailer, Serial No. AIC–168–33 weighing 5800 pounds."

(3) "The trial court erred in entering judgment against the Appellant for the reason that there is no evidence to support the finding of the trial court that Appellant had knowledge, actual or constructive, of a prior lien by the Appellee on the trailer which Appellant had and asserted a valid lien for the reason that Appellant could only have knowledge of Appellee's lien on the trailer bearing Serial No. AIC–168–30 weighing 4800 pounds, the Appellant's lien having been taken on the trailer bearing Serial No. AIC–168–33 weighing 5800 pounds."

(4) "The trial court erred in entering judgment against the Appellant for the rea-

son that Appellee's pleadings, the evidence and judgment of the trial court reflects that Appellant was asserting a valid lien against an entirely different trailer than the vehicle upon which Appellee was claiming a lien."

(5) "The trial court erred in entering judgment against the Appellant for the reason that assuming that the trailer involved herein was the trailer upon which Appellee, Lindquist Finance Corporation was to have a lien, which is denied, such trailer was erroneously described in all of the instruments in favor of Appellee and could not affect the rights of Appellant, a third party."

We overrule the points.

■ The classic case on mortgages on personal property which is not owned by the mortgagee or in being, either actual or potential, at the date of the mortgage, is Richardson v. Washington, 88 Tex. 339, 31 S.W. 614, opinion by Judge Denman. However, in our opinion, we are not here discussing the application of the principles so lucidly explained by Judge Denman in the Richardson case. The evidence was such that the court was warranted in concluding that Mr. Lindler knew that Mr. Herbsleb was not able to pay his indebtedness due Mr. Lindler, and brought pressure to bear on Mr. Herbsleb to breach his agreement with appellee and did induce Mr. Herbsleb to so breach his agreement with appellee. We hold that under the facts of this case appellee held an equitable lien on the property, and that the court was warranted in finding the facts and rendering the judgment so found and rendered. The court was warranted in concluding that Mr. Lindler, with full knowledge that Mr. Herbsleb had purchased the materials with which to build the trailer which he was selling to Albert Budai, induced Mr. Herbsleb, who was then being harassed by his creditors, to undertake to issue a new manfacturer's statement of origin in which the description of the trailer was changed in certain respects. And so Mr. Lindler obtained said manufacturer's statement of origin to square the indebtedness due from Mr. Herbsleb to Mr. Lindler. The court's finding of fact in the judgment is supported by the evidence.

■ Where one has induced another to breach his contract and deprived still another of his lien, making impossible the collection of the debt, the wrongdoer is liable to the injured party. Raymond v. Yarrington, 96 Tex. 443, 72 S.W. 580, 73 S.W. 800, 62 L.R.A. 962, 97 Am.St.Rep. 914; Lytle v. Galveston, H. & S. A. R. Co., 100 Tex. 292, 99 S.W. 396, 10 L.R.A.,N.S., 437.

The judgment should be affirmed and it is so ordered.

Affirmed.